UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK GHIGLIONE and RODGERS TRUCKING, citizens of California, <br><br> Plaintiffs, <br><br> v. <br><br> DISCOVER PROPERTY AND CASUALTY COMPANY, DISCOVER MANAGERS, INC., citizens of Connecticut, and DOES 1-10, inclusive, <br><br> Defendants. | No. C-06-1276 SC <br><br> ORDER DENYING MOTION TO REMAND |

**I.  INTRODUCTION**

Plaintiffs Frank Ghiglione and Rodgers Trucking ("Plaintiffs") filed this action in the Superior Court of Alameda County against Defendants Discover Property and Casualty Company, et al. ("Defendants" or "Discover"), alleging breach of contract and breach of the covenant of good faith and fair dealing. Defendants removed the action to Federal Court, claiming federal jurisdiction based on diversity of the parties.[1]

Presently before the Court is Plaintiffs' motion to remand the action to state court.  For the reasons contained herein, the Court hereby DENIES Plaintiffs' motion.

//

---

[1] Plaintiffs are citizens of California. Complaint ¶ 2. Plaintiffs assert that Defendants are a corporation organized and existing under the laws of the Connecticut, with their principal place of business in Connecticut. Id. ¶ 1.

## II. BACKGROUND

This action arose from a prior action in which Rodgers Trucking was a defendant. In May 2003, a Rodgers Trucking vehicle "was involved in an accident with Eliseo Laureta Soria ("Soria"), who was operating a bicycle." Complaint ¶ 3 ("Compl.") When Soria sued Rodgers Trucking, its insurer, Discover, "assumed complete and exclusive control and responsibility for the investigation and negotiations for settlement and defense." Id. ¶ 5. Plaintiffs found Discover's handling of the case less than satisfactory and brought suit against Discover in state court, alleging that "defendant has breached its duty of good faith and fair dealing" and has caused Plaintiffs "severe emotional distress." Id. ¶¶ 7-9.

Defendants timely removed this action to the United States District Court in the Northern District.

## III. LEGAL STANDARD

Suits filed in state court may be removed to Federal Court where the Federal Court would have had original jurisdiction over the action in the first instance. 28 U.S.C. § 1441(a). Federal Courts have original jurisdiction over controversies between citizens of different states provided that the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1).

However, in a "direct action" brought against the insurer of a policy, to which action the insured is not joined as a party-defendant, "such insurer shall be deemed a citizen of the State of which the insured is a citizen." 28 U.S.C. § 1332(c)(1) ("section

-2-

1332(c)").

The removal statute is strictly construed against removal. See <u>Boggs v. Lewis</u>, 863 F.2d 662, 663 (9th Cir. 1988). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992). The defendant seeking removal of an action to Federal Court has the burden of establishing grounds for federal jurisdiction. See <u>id</u>.

**IV. DISCUSSION**

The Court's ruling on this motion turns on whether this action is a "direct action" under section 1332(c). If it is a direct action, as Plaintiffs assert, Plaintiffs and Defendants are citizens of the same state and therefore diversity jurisdiction is lacking and the motion will be granted. If it is not a direct action, as Defendants contend, diversity jurisdiction exists and the motion to remand will be denied.[2]

Plaintiffs support their contention that this is a direct action by quoting from <u>Witkin's California Procedure</u> a passage that merely repeats the essence of section 1332(c). Plaintiffs' Memorandum in Support of Motion to Remand at 1-2. Plaintiffs also state that "two items of special damages [the $200,000.00 Plaintiffs had to pay out of pocket and the amount paid for attorneys' fees in the prior action with Soria] could not have been imposed against the insurer because they are in the nature of indemnity and attorneys [<u>sic</u>] fees. Therefore, this is a direct

---

[2] Neither party has addressed the issue of the amount in controversy.

-3-

1  action within the meaning of the removal statute."  Plaintiffs'
2  Response Declaration of George W. Korte in Support of Motion to
3  Remand at 1-2.
4      Defendants contend that this is not a direct action because
5  Plaintiffs are suing Discover for bad faith, a cause of action not
6  within section 1332(c)'s ambit.  Defendants' Memorandum in
7  Opposition to Plaintiffs' Motion to Remand at 3.
8      Roughly speaking, a direct action under section 1332(c)
9  occurs when a plaintiff sues a tortfeasor's insurance company for
10 the tortfeasor for his tortious acts without joining the
11 tortfeasor as a defendant.  "Courts have uniformly defined the
12 term 'direct action' as used in...[Section 1332(c)] as those cases
13 in which a party suffering injuries or damage for which another is
14 legally responsible is entitled to bring suit against the other's
15 liability insurer without joining the insured or first obtaining a
16 judgment against him."  Beckham v. Safeco Insurance Company of
17 America, 691 F.2d 898, 901-902 (9th Cir. 1982).  "[U]nless the
18 cause of action urged against the insurance company is of such a
19 nature that the liability sought to be imposed could be imposed
20 against the insured, the action is not a direct action."  Id. at
21 902, quoting Walker v. Firemans Fund, 260 F. Supp. 95, 96 (D.
22 Mont. 1966).  "Many other courts have reached the same conclusion
23 that a 'first party' insurance action, or a suit by an insured
24 against an insurer is not a 'direct action.'"  Searles v.

Cincinnati Insurance Company, 998 F.2d 728, 729 (9th Cir. 1993).[3]

The Ninth Circuit held that:

> a bad faith action brought by an insured against the insurer is not a 'direct action' within the meaning of 28 U.S.C. § 1332(c)(1). Rather, a direct action is one in which a plaintiff is entitled to bring suit against the tortfeasor's liability insurer without joining the insured.

The Court finds that the instant action is *not* a "direct action" within the meaning of 28 U.S.C. § 1332(c)(1). Here, rather, Plaintiffs are suing *their* insurer for its alleged bad faith, a cause of action specifically excluded, per Searles, from the definition of a direct action. Only by confecting an entirely different factual situation could this action be labelled a direct action.

Plaintiffs' contentions are meritless. It matters not at all that the "two items of special damages could not have been imposed against the insurer because they are in the nature of indemnity and attorneys [sic] fees." Neither this, nor Plaintiffs' assertion that they acted as an "excess insurer," change the facts that (a) bad faith actions against an insurer, such as this one, are not "direct actions," nor that (b) the parties are not arranged in the way required by section 1332(c).

//
//
//
//

---

[3] This Ninth Circuit case also makes clear that the Supreme Court's "narrow holding in Northbrook [National Insurance Company v. Brewer, 493 U.S. 6 (1989)] is not contrary to our interpretation of 'direct action' in Beckham."

-5-

1  **V.    CONCLUSION**

2       For the foregoing reasons, the Court DENIES Plaintiffs'

3  motion to remand.

5

6       IT IS SO ORDERED.

8       Dated:   April 25, 2006

9                                          _____
                                           UNITED STATES DISTRICT JUDGE

-6-