UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FRANK GHIGLIONE and RODGERS TRUCKING,

        Plaintiffs,

    v.

DISCOVER PROPERTY AND CASUALTY COMPANY, DISCOVER MANAGERS, INC., and DOES 1 through 10, inclusive,

        Defendants.

No. C-06-1276 SC

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

## I.  **INTRODUCTION**

Plaintiffs Frank Ghiglione and Rodgers Trucking ("Plaintiffs") brought this action against Discover Property and Casualty Company et al. ("Discover" or "Defendants") alleging breach of contract and breach of the covenant of good faith and fair dealing based on Discover's conduct during its defense of Rodgers Trucking in a prior lawsuit.  See Complaint, Ex. A.

Presently before the Court is Defendants' Motion for Summary Judgment.  For the reasons stated herein, the Court hereby GRANTS Defendants' Motion for Summary Judgment.  The Court also AWARDS Defendants' costs, subject to the Court's approval of Defendants' offer of proof to be submitted within 30 days of this order.

## II.  **BACKGROUND**

In 2003, Rodgers Trucking was insured by Defendant Discover

United States District Court
For the Northern District of California

Property and Casualty Company under a $1 million automobile liability policy.  On May 9, 2003, a Rodgers Trucking vehicle struck Mr. Eliseo Soria ("Soria") while he was riding a bicycle. The police report stated that the truck driver caused the collision.  <u>See</u> Tarkoff Decl., Ex. M.  Soria suffered significant injuries and subsequently sued Rodgers Trucking in state court, claiming several million dollars in damages.

After the accident, the insurance broker for Rodgers Trucking reported the accident to Don Bullock at The Murata Group, the third-party administrator ("TPA") for the claim.  The TPA hired Arenas Claims Consulting to investigate the accident.  Arenas conducted a scene investigation on May 16, 2003 and produced a written report on May 27, 2003.  <u>See</u> Tarkoff Decl., Ex. C, Bullock Depo., 17-18.  The TPA also retained Lenore Defiesta as defense counsel in anticipation of Soria filing a lawsuit.  <u>See</u> <u>id.</u> at 23-24, 28-29.  While investigating the claim, Discover authorized the hiring of multiple experts to analyze the accident and approved over $150,000 in defense costs.  <u>See</u> <u>id.</u> at 34, 54.

Defendants made several attempts to settle the case.  On July 9, 2004, Defendants sent Soria three structured settlement proposals prepared by the Bridge Settlement Corporation.  <u>See</u> Korte Decl., Ex. 3.  Soria rejected the offers.  <u>See</u> Bullock Decl., ¶ 4.  In addition, the parties engaged in multiple mediation sessions before four different mediators.  <u>See</u> Tarkoff Decl., Ex. A, Korte Depo., 22, 29, 32, 49.  During the settlement negotiations Soria never made a demand at or below the policy limits.  <u>See</u> <u>id.</u> at 58-59.  Each of the mediators suggested that

Rodgers Trucking would have to make a monetary contribution to facilitate settlement because the insurance policy was not large enough to constitute a sufficient payment to Soria.  See id. at 100-101.

Subsequently, when it appeared likely that the case would go to trial, Defendants authorized the hiring of an additional attorney, Kevin Cholakian, to be the lead trial attorney.  See id. at 111.  Mr. Korte, the attorney for Rodgers Trucking, was satisfied that the new attorney provided adequate representation.  See id.

Immediately prior to trial, the parties settled the Soria case for $1.2 million.  Defendants agreed to pay $1 million, the full value of the insurance policy, and Rodgers Trucking agreed to pay the remaining balance of $200,000.00.  See Tarkoff Decl., Ex. B, Ghiglione Depo., 22; Korte Decl., Ex. 12.  At deposition, Frank Ghiglione agreed that when considering the final settlement proposal he was not pressured by Discover or its attorneys.  See Ghiglione Depo., 32-33.  Ghiglione made the decision to settle after discussing the matter with Mr. Korte.  See id. at 51.

**III.  LEGAL STANDARD**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  A genuine issue of fact exists when the non-moving party produces evidence on which a reasonable trier of

United States District Court
For the Northern District of California

fact could find in its favor viewing the record as a whole in light of the evidentiary burden the law places on that party. See <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 252-56 (1986). Summary judgment is therefore appropriate against a party "who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." <u>Celotex</u>, 477 U.S. at 322-23.  The more implausible the claim or defense asserted by the opposing party, the more persuasive its evidence must be to avoid summary judgment, <u>see</u> <u>Matsushita Electric Industrial Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986), but "[t]he evidence of the non-moving party is to be believed, and all justifiable inferences are to be drawn in its favor."  <u>Anderson</u>, 477 U.S. at 255.

Defendants removed this case to federal court under 28 U.S.C. § 1441(b).  Accordingly, this Court must apply California substantive law to Plaintiffs' claims.  See <u>Erie RR v. Tompkins</u>, 304 U.S. 64, 78 (1938).

**IV.  DISCUSSION**

    **A.  Defendants' Duties as Insurer**

The parties agree that Discover had a general duty to defend Rodgers Trucking against Soria's claims.  Upon learning of a potential claim against the policyholder, "the insurer has a duty to defend the insured in any action brought against the insured seeking damages for any covered claim." <u>Buss v. Superior Court</u>, 939 P.2d 766, 773 (1997).  The duty to defend "entails the rendering of service, viz., the mounting and funding of a defense

United States District Court
For the Northern District of California

. . . in order to avoid or at least minimize liability." Id. The general duty to defend includes the obligation to defend the action immediately and in its entirety. See id. at 775.

In addition, the insurer has a number of specific responsibilities:

> (1) to make immediate inquiry into the facts of any serious accident as soon as practicable after its occurrence; (2) on the filing of suit against its assured to employ competent counsel to represent the assured and to provide counsel with adequate funds to conduct the defense of the suit; (3) to keep abreast of the progress and status of the litigation in order that it may act intelligently and in good faith on settlement offers.

Merritt v. Reserve Insurance Co., 110 Cal. Rptr. 511, 527 (Cal. Ct. App. 1973). Defendants agree that they had the duty to inquire immediately into the facts of the case, hire competent counsel, provide counsel with adequate funding, and keep abreast of the progress of the litigation. The Court finds that Defendants fulfilled each of their duties.

Defendants satisfied the duty of immediate inquiry by taking prompt action upon learning of the accident. The Soria accident occurred on Friday, May 9, 2003. See Tarkoff Decl., Ex. M. On Monday, May 12, Ron Mathews, the insurance broker for Rodgers Trucking, reported the accident to the TPA who immediately hired Arenas Claims Consulting to investigate the accident. See id., Ex. I. Arenas performed a full investigation of the scene and produced a report on May 27, 2003. See id., Ex. C. By quickly contacting and hiring the investigators, Defendants met their duty to make immediate inquiry into the facts of the Soria accident.

Defendants also satisfied the duty to hire competent counsel.

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1   Before Soria filed his personal injury claim, the TPA retained

2   Lenore Defiesta as defense counsel for Rodgers Trucking.  See id.,

3   Ex. C at 24, 28-29.  The TPA had worked with Defiesta on prior

4   insurance defense matters.  See id., Ex. C. at 24.  In other

5   cases, Defiesta served as defense counsel in five jury trials,

6   four of which involved personal injury claims.  See Korte Decl.,

7   Ex. 13.  Based upon this information and the other documents

8   attached to the Korte Declaration, the Court finds that Lenore

9   Defiesta was competent counsel for the Soria case.  Moreover,

10  Defendants authorized the hiring of Kevin Cholakian as an

11  additional trial attorney when the case appeared headed to trial.

12  See Korte Depo. at 111.  Even Plaintiffs' personal counsel, Mr.

13  Korte, agreed that Cholakian was capable of adequately

14  representing Rodgers Trucking.  See id.

15      Defendants also provided adequate funding to the

16  investigators and defense attorneys.  While defending Rodgers

17  Trucking, Discover authorized expenses for investigation and

18  litigation that exceeded $150,000.  See Tarkoff Decl., Ex. C at

19  54.  Based on the recommendation of counsel, the TPA and

20  Discover's claim representative authorized the retention of

21  multiple defense experts.  See id. at 34.  Both Plaintiff

22  Ghiglione and Mr. Korte confirmed that every recommendation they

23  made regarding defense activity was approved by Defendants.  See

24  Korte Depo. at 61-62; Ghiglione Depo. at 76.  In light of

25  Discover's approval of all requested and relevant expenses,

26  Defendants satisfied their duty to provide counsel with adequate

27  funds to defend the Soria suit.

28

6

United States District Court

For the Northern District of California

1    Defendants also satisfied their duty to keep sufficiently

2  abreast of the progress of the litigation.  The TPA and

3  Defendants' attorneys continued to refine their understanding of

4  the case through additional investigation and participation in

5  numerous mediation sessions.  See Korte Decl., Ex. 8; Korte Depo.

6  at 22, 29, 32, 49.  Indeed, approaching trial, attorney Cholakian

7  produced a comprehensive Pre-Trial Report which summarized the

8  facts of the case and analyzed the potential outcomes.  See

9  Tarkoff Decl., Ex. E.  Thus, Defendants acted in good faith and

10  satisfied their duty to remain informed of the progress of the

11  litigation.

12    Plaintiffs assert that Defendants failed to meet their duty

13  to employ competent counsel.  Plaintiffs' primary complaints

14  center around the timing of defense counsel's decision to reveal

15  the $1 million policy limit to Soria in the hopes of settling the

16  case.  Plaintiffs claim that this "placed stars in the eyes of the

17  injured party and fear in the plaintiff" despite the fact that the

18  limits of insurance coverage are discoverable under California

19  law.  Opp'n, 6; see Cal. Civ. Proc. Code § 2017.210.  Though

20  Plaintiffs disagree with some of defense counsel's strategic

21  decisions and the timing of certain disclosures, they have not

22  shown that Defendants should be liable for any alleged mistakes.

23    California courts have stated that insurance companies are

24  not liable for the potential missteps of retained counsel.  "We do

25  not accept the claim that vicarious liability falls on one who

26  retains independent trial counsel to conduct litigation on behalf

27  of a third party when retained counsel has conducted the

28

7

**United States District Court**
For the Northern District of California

litigation negligently." <u>Merritt</u>, 110 Cal. Rptr. at 526.  Thus,
even assuming that defense counsel was negligent, Discover would
not be liable for the conduct of Defiesta or Cholakian.

> In our view independent counsel retained to conduct
> litigation in the courts act in the capacity of independent
> contractors, responsible for the results of their conduct and
> not subject to the control and direction of their employer
> over the details and manner of their performance.

<u>Id.</u>  Moreover, even the retained attorneys are not legally
responsible for good faith mistakes.

> In view of the complexity of the law and the circumstances
> which call for difficult choices among possible courses of
> action, the attorney cannot be held legally responsible for
> an honest and reasonable mistake of law or an unfortunate
> selection of remedy or other procedural step.

<u>Banerian v. O'Malley</u>, 116 Cal. Rptr. 919, 925 (Cal. Ct. App.
1974).  In light of the relevant precedent, the Court finds that
Defendants are not liable for the alleged mistakes described by
Plaintiffs.  During the course of the investigation and
litigation, defense counsel acted competently and in good faith.
Though Plaintiffs' counsel might have tried the case differently,
the conduct of defense counsel does not give rise to liability.

    **B.**  **Plaintiffs' Cumis Claim**

Plaintiffs assert that their personal counsel, Mr. Korte
should have been retained by Defendants as cumis, or independent
counsel.  Under California law, the duty to appoint independent
counsel materializes when a conflict of interest arises between
the insurer and insured.  <u>See</u> Cal. Civ. Code § 2860(a).  However,
"[n]o conflict of interest shall be deemed to exist . . . solely
because an insured is sued for an amount in excess of the
insurance policy limits."  Cal. Civ. Code § 2860(b).  Thus, the

8

United States District Court
For the Northern District of California

fact that Rodgers Trucking was sued for an amount greater than the $1 million liability policy does not, in itself, give rise to a duty to appoint independent counsel. "A mere possibility of an unspecified conflict does not require independent counsel. The conflict must be significant, not merely theoretical, actual, not merely potential." Dynamic Concepts, Inc. v. Truck Insurance Exchange, 71 Cal. Rptr. 2d 882, 887 (Cal. Ct. App. 1998). During litigation of the Soria case, no conflict of interest arose between Rodgers Trucking and Discover. At all times, Soria's demands exceeded the $1 million limit on Rodgers Trucking's liability policy. As such, "it was to the advantage of both appellant and respondent to minimize appellant's underlying liability." Blanchard v. State Farm Fire & Casualty Co., 2 Cal. Rptr. 2d 884, 887 (Cal. Ct. App. 1991). On the eve of trial, when Soria proposed to settle the case for $1.2 million and Plaintiffs were willing to contribute the $200,000.00 over the policy limits, Discover willingly agreed to pay the full amount of the policy. In the relevant precedent, proper claims for appointment of independent counsel or bad faith involve the insurer's refusal to settle. See J.B. Aguerre, Inc. v. American Guarantee and Liability Insurance Co., 68 Cal. Rptr. 2d 837, 841 (Cal. Ct. App. 1997). Where, as here, the insurer readily agreed to pay the full amount of the liability policy in order to settle the case, a conflict of interest did not arise and Defendants were not obligated to appoint Mr. Korte as independent counsel.

**C.   Plaintiffs' Decision to Settle**

Plaintiffs' final contention is that Defendants breached the

9

United States District Court
For the Northern District of California

covenant of good faith and fair dealing by coercing Plaintiffs
into settling the case and contributing $200,000.00.  To prove
this claim, Plaintiffs must show that Defendants were
"unreasonably coercing an insured to contribute to a settlement
fund."  Id. at 842.  Contrary to Plaintiffs' assertions, the
record contains no evidence of coercion.  In their depositions,
both Mr. Ghiglione and Mr. Korte stated that they discussed
settling the case without any input or pressure from Discover or
defense counsel Defiesta and Cholakian.  See Korte Depo. at 52-53;
Ghiglione Depo. at 31-33.  The settlement discussions between
Ghiglione, Korte, and Soria's attorney occurred on a Sunday, two
days after the case was assigned to trial and without input from
defense counsel.  See Korte Depo. at 41; Korte Decl., Ex. 12.  Mr.
Ghiglione testified that he made the decision to settle in order
to eliminate the risk that Rodgers Trucking would be found liable
for a higher amount at trial.  See Ghiglione Depo. at 66.  Mr.
Ghiglione's decision to contribute $200,000.00 to the settlement
came after Defendants made diligent efforts to settle the case
within the $1 million policy limit, but found this impossible in
light of Soria's demands.  See id. at 80.  Mr. Korte testified
that Soria never made a settlement demand of less than $1 million
and all the neutral mediators opined that a contribution from
Rodgers Trucking would be necessary for settlement.  See Korte
Depo. at 58, 100-01.  The testimony of Ghiglione and Korte
indicates that Defendants never coerced Plaintiffs into settling
or making a contribution to the case.  As a result, Plaintiffs'
claims that Defendants unreasonably coerced a settlement fail as a

matter of law.

**V.    CONCLUSION**

For the reasons described herein, the Court GRANTS Defendants' Motion for Summary Judgment.  The Court also AWARDS Defendants' costs, subject to the Court's review and approval of Defendants' offer of proof to be submitted within 30 days of this order.

IT IS SO ORDERED.

Dated: March 29, 2007

_____
UNITED STATES DISTRICT JUDGE