UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK GHIGLIONE and RODGERS TRUCKING, <br><br> Plaintiffs, <br><br> v. <br><br> DISCOVER PROPERTY AND CASUALTY COMPANY, DISCOVER MANAGERS, INC., and DOES 1 through 10, inclusive, <br><br> Defendants. | No. C-06-1276 SC <br><br> ORDER DENYING PLAINTIFFS' MOTION <u>FOR RECONSIDERATION</u> |

**I.   INTRODUCTION**

Plaintiffs Frank Ghiglione and Rodgers Trucking ("Plaintiffs") brought this action against Discover Property and Casualty Company <u>et</u> <u>al.</u> ("Discover" or "Defendants") alleging breach of contract and breach of the covenant of good faith and fair dealing based on Discover's conduct during its defense of Rodgers Trucking in a prior lawsuit.  <u>See</u> Complaint, Ex. A.

Presently before the Court is Plaintiffs' Rule 60(b) Motion for Reconsideration of the Court's Order Granting Defendants' Motion for Summary Judgment.  For the reasons stated herein, the Court hereby DENIES Plaintiffs' Motion for Reconsideration.

**II.   BACKGROUND**

In 2003, Rodgers Trucking was insured by Defendant Discover Property and Casualty Company under a $1 million automobile

1  liability policy.  On May 9, 2003, a Rodgers Trucking vehicle
2  struck Mr. Eliseo Soria ("Soria") while he was riding a bicycle.
3  The police report stated that the truck driver caused the
4  collision.  See Tarkoff Decl., Ex. M.  Soria suffered significant
5  injuries and subsequently sued Rodgers Trucking in state court,
6  claiming several million dollars in damages.

7  After the accident, the insurance broker for Rodgers Trucking
8  reported the accident to Don Bullock at The Murata Group, the
9  third-party administrator ("TPA") for the claim.  The TPA hired
10 Arenas Claims Consulting to investigate the accident.  Arenas
11 conducted a scene investigation on May 16, 2003 and produced a
12 written report on May 27, 2003.  See Tarkoff Decl., Ex. C, Bullock
13 Depo., 17-18.  The TPA also retained Lenore Defiesta as defense
14 counsel in anticipation of Soria filing a lawsuit.  See id. at 23-
15 24, 28-29.  While investigating the claim, Discover authorized the
16 hiring of multiple experts to analyze the accident and approved
17 over $150,000 in defense costs.  See id. at 34, 54.

18 Defendants made several attempts to settle the case.  On July
19 9, 2004, Defendants sent Soria three structured settlement
20 proposals prepared by the Bridge Settlement Corporation.  See
21 Korte Decl., Ex. 3.  Soria rejected the offers.  See Bullock
22 Decl., ¶ 4.  In addition, the parties engaged in multiple
23 mediation sessions before four different mediators.  See Tarkoff
24 Decl., Ex. A, Korte Depo., 22, 29, 32, 49.  During the settlement
25 negotiations Soria never made a demand at or below the policy
26 limits.  See id. at 58-59.  Each of the mediators suggested that
27 Rodgers Trucking would have to make a monetary contribution to
28

2

1  facilitate settlement because the insurance policy was not large
2  enough to constitute a sufficient payment to Soria.  See id. at
3  100-101.

4  Subsequently, when it appeared likely that the case would go
5  to trial, Defendants authorized the hiring of an additional
6  attorney, Kevin Cholakian, to be the lead trial attorney.  See id.
7  at 111.  Mr. Korte, the attorney for Rodgers Trucking, was
8  satisfied that the new attorney provided adequate representation.
9  See id.

10 Immediately prior to trial, the parties settled the Soria
11 case for $1.2 million.  Defendants agreed to pay $1 million, the
12 full value of the insurance policy, and Rodgers Trucking agreed to
13 pay the remaining balance of $200,000.00.  See Tarkoff Decl., Ex.
14 B, Ghiglione Depo., 22; Korte Decl., Ex. 12.  At deposition, Frank
15 Ghiglione agreed that when considering the final settlement
16 proposal he was not pressured by Discover or its attorneys.  See
17 Ghiglione Depo., 32-33.  Ghiglione made the decision to settle
18 after discussing the matter with Mr. Korte.  See id. at 51.

19 On March 29, 2007, this Court granted Defendants' Motion for
20 Summary Judgment.  Docket No. 46.  On May 18, 2007, after
21 Defendants' submitted their offer of proof regarding attorneys'
22 fees and costs, this Court entered judgment in Defendants' favor.
23 Docket No. 49.  On July 31, 2007, Plaintiffs filed their Motion
24 for Reconsideration, claiming that new evidence exists to support
25 their claims.  Plaintiffs assert that the new evidence is
26 contained in the transcripts from the second session of Lenore
27 Defiesta's deposition, dated March 23, 2007.

28

**III. LEGAL STANDARD**

Under to Rule 60(b) of the Federal Rules of Civil Procedure:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

**IV. DISCUSSION**

Plaintiffs' Motion for Reconsideration is based on the argument that new evidence from the second session of the deposition of Lenore Defiesta supports Plaintiffs' contentions that (1) Defiesta did not competently represent Plaintiffs in the Soria case and (2) a conflict of interest existed to support a Cumis claim under Cal. Civ. Code § 2860. See Dynamic Concepts, Inc. v. Truck Ins. Exchange, 61 Cal. App. 4th 999 (1998). As requested by Plaintiffs, the Court reviewed the evidence from the entire case and paid particular attention to the second session of the Defiesta Deposition and the corresponding exhibits.

Having reviewed the evidence, the Court finds that there is no evidence in Plaintiffs' recent filings sufficient to vacate the judgment. Plaintiffs simply repeat the same arguments and use the same types of evidence presented in their opposition to Defendants' summary judgment motion. Plaintiffs' argument that

4

Defiesta did not competently handle the case fails.  Similarly, Plaintiffs' argument that Defiesta failed to tender or improperly tendered the coverage request for premises liability to the St. Paul Insurance Company also fails.  The evidence indicates that Defiesta properly requested coverage.  Any evidence that Discover is related to St. Paul had no impact on Defiesta's or Discover's handling of the <u>Soria</u> matter.  Furthermore, the fact that Defiesta now works at a different law firm that does work for St. Paul cannot create a conflict in the <u>Soria</u> matter, which she worked on at her old firm.

Plaintiffs' motion under Rule 60(b) fails because they have presented no new evidence or argument indicating that the Court's Summary Judgment Order was incorrect.

**V.   CONCLUSION**

For the reasons described herein, the Court DENIES Plaintiffs' Motion for Reconsideration.

IT IS SO ORDERED.

Dated: September 7, 2007

_____
UNITED STATES DISTRICT JUDGE

5